**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| STEPHEN JAMES MILLS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | No. 2:97-cr-00815-DCN-1<br>No. 2:11-cv-02522-DCN<br><br>**ORDER** |

      This matter is before the court on petitioner Stephen James Mills' motion to vacate, set aside, or correct his federal sentence brought under 28 U.S.C. § 2255. Respondent filed a motion to dismiss or, in the alternative, for summary judgment. For the reasons set forth below, the court denies the relief requested under § 2255 and grants respondent's motion to dismiss.

### I.  BACKGROUND

      On April 23, 1998, Mills pled guilty to six counts of a fourteen-count indictment relating to a string of armed robberies. On August 7, 1998, Mills pled guilty to an information relating to more armed robberies. This court sentenced Mills on August 7, 1998 for his pleas to both the indictment and information to an aggregate term of 480 months imprisonment. While the plea agreement contained a stipulated sentence of 437 months, the presentence report (PSR) calculated Mills' sentencing range to be 451 to 488

1

months.[1]  As part of his sentence, Mills was ordered to pay restitution to the businesses he robbed in the amount of $5,229.  Mills did not appeal his sentence.

On September 15, 1998, the court held a resentencing hearing to determine whether errors had occurred in the original sentencing proceeding.  Mills took the position that at the August 7, 1998 sentencing hearing, the government should not have argued for a sentence at the upper end of the Guidelines range because it had stipulated to a lower sentence in the plea agreement.  Mills was resentenced, without the government taking any position with regard to his sentence, to 468 months imprisonment, and the court again ordered restitution.  The amended judgment became final on April 21, 1999.  Mills did not appeal.

On February 8, 2001, nearly two years after the amended judgment became final, Mills filed a motion for equitable tolling of the deadline to file a petition under 28 U.S.C. § 2255.  The court denied his motion, and the Fourth Circuit affirmed.

On January 31, 2005, Mills filed a petition pursuant to 28 U.S.C. § 2241, asking the court to vacate the portion of his sentence relating to restitution and to order the United States Bureau of Prisons to cease efforts to collect payments.  The court decided to follow the report and recommendation of the magistrate judge that the portion of Mills' sentence relating to restitution be modified.  A hearing was held on December 21, 2005, at which point Mills requested more time to consider his arguments.

---

[1] In 1998, when Mills was sentenced, the United States Sentencing Guidelines were considered mandatory.  As counsel for Mills noted at the August 7, 1998 sentencing hearing, the sentencing range calculated in the plea agreement was "obviously trumped by the pre-sentence report and the calculations of the different sentencing range."  Hr'g Tr., Aug. 7, 1998, 21:2-4.  Mills' plea agreement provided that he could withdraw from the plea agreement if the PSR provided for a sentencing range different from that in the plea agreement.  However, Mills chose not to exercise that option.  See Hr'g Tr., Sept. 15, 1998, 8:20-9:5.

The court held a resentencing hearing on November 25, 2008. Mills argued that because the Sentencing Guidelines were no longer mandatory following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and because the government had previously stipulated to a sentence of 437 months, the court should exercise its discretion to sentence Mills according to his original plea agreement.[2] Mills also argued that restitution should be held in abeyance pending his release from imprisonment. After calculating and considering the advisory Sentencing Guidelines and relevant sentencing factors contained at 18 U.S.C. § 3553(a), the court again sentenced Mills to an aggregate term of 468 months imprisonment. However, the court ordered that restitution be held in abeyance until Mills' release from imprisonment. Judgment was entered on December 12, 2008. Mills did not file an appeal.

On November 20, 2009,[3] Mills filed a second petition under 28 U.S.C. § 2255, arguing that he was denied the right to appeal his November 25, 2008 resentence, that counsel was ineffective for failing to inform him of this right, and that because the court amended his sentence, he was entitled to a direct appeal. The court entered an amended judgment on April 1, 2010, which allowed Mills to file an appeal. On April 28, 2011, the Fourth Circuit affirmed the resentence imposed on November 25, 2008, holding that this court "was without jurisdiction to resentence Mills [based on his § 2241 petition] except

---

[2] Counsel for Mills conceded at the November 25, 2008 resentencing hearing that the stipulated sentence provided in the plea agreement was not a "mandatory stipulation" and that the court was "not bound by it." Hr'g Tr., Nov. 25, 2008, 3:7-11.

[3] The prison mailbox rule, established in Houston v. Lack, 487 U.S. 266 (1988), entitles a petitioner to a presumption of filing on the date he delivers his pleading to prison authorities for forwarding to the district court.

3

to the extent that it . . . directed that restitution be modified." United States v. Mills, 425 F. App'x 276 (4th Cir. 2011).

On September 16, 2011, Mills filed a third § 2255 petition which is now under consideration. The government moved to dismiss or, in the alternative, for summary judgment. On June 27, 2012, Mills filed a motion for leave to file amendments to his § 2255 petition, which the court granted on August 24, 2012. The court now considers Mills' amended § 2255 petition.[4]

## II.   STANDARDS

Mills appears pro se in this case. Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, liberal construction does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

Mills brings his petition under 28 U.S.C. § 2255, which provides in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[4] A hearing is not required because "the record of the case conclusively shows that petitioner is entitled to no relief." United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988).

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a federal sentence, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). The Antiterrorism and Effective Death Penalty Act of 1996 amended § 2255 by imposing a one-year statute of limitations for the filing of petitions under that section. See 28 U.S.C. § 2255(f).

### III.  DISCUSSION

Mills raises two distinct sets of arguments. First, in the § 2255 petition filed on September 16, 2011, he challenges the sentence imposed on August 7, 1998 and resentence imposed on September 15, 1998. Second, in the amendments to his § 2255 petition filed on June 27, 2012, Mills challenges the resentence imposed on November 25, 2008. These arguments will be taken in turn.

#### A. Arguments Relating to the August 7, 1998 Sentence and September 15, 1998 Resentence

First, Mills challenges the sentence imposed on August 7, 1998 and resentence imposed on September 15, 1998. In 1998, Mills chose not to appeal his sentence or resentence, and later filed a § 2255 petition that was found to be untimely. Mills cannot now collaterally attack his 1998 sentence and resentence over fourteen years later. See 28 U.S.C. § 2255(f); Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002) ("A fundamental purpose for the AEDPA was to establish finality in post-conviction proceedings."). Mills has not shown any exceptional circumstances warranting a finding that he is entitled to an exception to the one-year limitations period for challenging his

5

1998 sentence and resentence. Therefore, the court lacks jurisdiction to consider the majority of the arguments raised in Mills' September 16, 2011 § 2255 petition.

Even if the court had jurisdiction to consider Mills' collateral attack on his August 7, 1998 sentence and/or September 15, 1998 resentence, his arguments would fail. Mills contends the government breached the plea agreement by arguing at the August 7, 1998 sentencing hearing for a sentence at the upper end of the sentencing range calculated in the PSR. Any error resulting from the government taking a position on the appropriate sentence was remedied at the September 15, 1998 resentencing hearing, during which—at Mills' request—the government took no position on Mills' sentence. Mills also contends it was error for the court to order a sentence above that stipulated to in the plea agreement, but the stipulation was not binding on the court, and in 1998, the court was obligated to follow the sentencing range calculated under the United States Sentencing Guidelines.[5] Although Mills could have withdrawn from the plea agreement and started anew, he chose not to do so:

> THE COURT:  Now, I understand the three choices that your lawyer outlined [are], . . . you can get a new lawyer and start over from ground zero. Do you want to do that?
> THE DEFENDANT:  No, sir.
> THE COURT:  Okay. All right. That you can be re-sentenced today without the Government taking any position with regard to your sentence. Is that what you want to do?
> THE DEFENDANT:  Yes, sir.
> THE COURT:  Okay. And the third choice would be to withdraw from your plea agreement and start all over at ground zero. [Y]ou have, you know, all those charges pending, and the Government could prosecute you

---

[5] Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 245 (2005), the Guidelines are now "effectively advisory." However, "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* issued." Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. 2005); see United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

> on all or any of them, if they wanted to, including the Florida charge . . . .
> Do you want to do that?
> THE DEFENDANT: No, sir.
> THE COURT: So you want to stay with your plea agreement and be re-sentenced today?
> THE DEFENDANT: Yes, sir.

Hr'g Tr., Sept. 15, 1998, 8:10-9:7. The court clarified with Mills' attorney that he "does not want to exercise his right under the plea agreement to withdraw his plea [and] just wants to be re-sentenced without the Government taking any position with regard to his sentence." Id. at 11:19-22. Counsel responded, "Exactly." Id. at 11:23.

For these reasons, Mills' arguments relating to the August 7, 1998 sentence and September 15, 1998 resentence are untimely and without merit.

### B. Arguments Relating to the November 25, 2008 Resentence

In addition to the above arguments raised in his September 16, 2011 § 2255 petition, Mills filed several "issues for amendment" on June 27, 2012. In these amendments, Mills again challenges the sentences that were handed down in 1998, even though the purported basis for filing his most recent § 2255 petition is to challenge the November 25, 2008 resentencing. However, Mills has had several opportunities to appeal or move for collateral review, and his most recent habeas petition must therefore be tailored to a challenge of the "portion of a judgment that arose as a result of a previous successful action." Lang v. United States, 474 F.3d 348, 351 (6th Cir. 2007); see In re Taylor, 171 F.3d 185, 188 n.* (4th Cir. 1999) (noting that the district court is "in the best position to separate the 'new' issues from any which existed" prior to resentencing or that could have been raised in a prior § 2255 petition). Mills cannot shoehorn challenges to

his 1998 sentence and resentence through a collateral attack on the alteration to his sentence imposed on November 25, 2008. Cf. Speller v. Johnson, No. 09-463, 2012 WL 1038624, at *9 n.21 ("[T]he courts have rejected the notion that alterations to a defendant's sentence . . . alter the date at which finality attaches for purposes of the AEDPA's statute of limitations.").

With respect to the November 25, 2008 resentencing hearing, Mills contends the court should have exercised its post-Booker discretion to depart from the Guidelines range and sentence him in accordance with the plea agreement. See Pet'r's Am. § 2255 Pet. at 9 (arguing that the alleged errors committed at the sentencing and resentencing hearings held in 1998 were "committed anew" at the November 25, 2008 resentencing hearing). Contrary to Mills' position, the 2008 resentencing hearing was held for the purpose of modifying the terms of his restitution as a result of his § 2241 petition, and, as the Fourth Circuit held in affirming the amended judgment, this court only had jurisdiction to direct that restitution be modified. Mills, 425 F. App'x 276. As a result, this court did not err in refusing to modify the terms of Mills' sentence. In addition, Mills' counsel on appeal was not ineffective for failing to raise sentencing issues regarding the plea agreement. Mills cannot show that his counsel's performance was deficient or that he was prejudiced by the arguments raised on appeal. See Strickland v. Washington, 466 U.S. 668, 689, 694 (1984) ("Judicial scrutiny of counsel's performance must be highly deferential.").

Even if the court had jurisdiction at the November 25, 2008 resentencing hearing to modify the length of Mills' sentence, the court already carefully considered the advisory Sentencing Guidelines and relevant sentencing factors found at 18 U.S.C. §

3553(a) and determined that Mills should be sentenced to an aggregate term of 468 months imprisonment. The court stated on the record at the November 25, 2008 hearing:

> Having reviewed the file and the 3553(a) factors, if you look at the nature and circumstances of the offense, I mean, this was a crime spree, for lack of a better term. Defendant already had . . . a criminal history category of six. They were serious offenses, they traumatized the people, they went in there with guns. Just punishment for the offense, I mean, I think he's getting justly punished for the offenses, because . . . although they pled to half a dozen [robberies], there were how many, 14, 15 [robberies], all over the [place] -- adequate deterrence of criminal conduct, . . . [i]t would certainly deter him; he hasn't been deterred before, like I said, he already had a criminal history category of six. Protects the public from further crimes. . . . . So I think that the original sentence should stand, with the exception of the restitution, which is what he was interested in anyway, he was correct in that. So I'll let him get the benefit of that.

Hr'g Tr., Nov. 25, 2008, 21:22-22:17.

For these reasons, the arguments raised in Mills' amendments to his § 2255 petition are without merit.

### IV.   CONCLUSION

Based on the foregoing, the court **DENIES** petitioner's habeas petition brought under 28 U.S.C. § 2255 and **GRANTS** respondent's motion to dismiss. The court also **FINDS AS MOOT** the government's motion for extension of time, Dkt. No. 165.

Finally, the court **DENIES** a certificate of appealability because petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 11, 2013**
**Charleston, South Carolina**