**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| STEPHEN JAMES MILLS, | ) | |
| | ) | No. 2:97-cr-00815-DCN-1 |
| Petitioner, | ) | No. 2:11-cv-02522-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Stephen James Mills' motion for reconsideration of an order denying his motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. For the reasons set forth below, the court denies the motion for reconsideration.

## I.  BACKGROUND

In 1998, Mills pled guilty to committing a string of armed robberies. While the plea agreement contained a stipulated sentence of 437 months, the presentence report (PSR) subsequently calculated the sentencing range to be 451 to 488 months. At the time, the United States Sentencing Guidelines were considered mandatory. Mills had the option of withdrawing from the plea agreement in the event the PSR provided for a sentencing range different than that in the plea agreement, but chose not to exercise his option. On August 7, 1998, Mills was sentenced to 480 months imprisonment.

At the sentencing hearing, the government argued for a sentence at the upper end of the Guidelines range. Mills found this objectionable because the government had stipulated to a lower sentence in the plea agreement. On September 15, 1998, Mills was

1

resentenced, without the government taking any position as to his sentence, to 468 months imprisonment. Mills did not appeal his original sentence or resentence.

In 2008, Mills argued that because the Sentencing Guidelines were rendered "effectively advisory," see United States v. Booker, 543 U.S. 220 (2005), the court should exercise its discretion to sentence Mills according to his original plea agreement. Mills also requested that the court hold his restitution in abeyance pending his release from imprisonment. On November 25, 2008, after calculating and considering the advisory Sentencing Guidelines and relevant sentencing factors found at 18 U.S.C. § 3553(a), the court again sentenced Mills to an aggregate term of 468 months imprisonment. The court granted Mills' request to hold his restitution in abeyance.

Mills later appealed his November 25, 2008 resentence. On April 28, 2011, the Fourth Circuit affirmed the resentence, holding that this court "was without jurisdiction to resentence Mills except to the extent that it . . . directed that restitution be modified." United States v. Mills, 425 F. App'x 276, 276-77 (4th Cir. 2011).

On September 16, 2011, Mills filed a petition under 28 U.S.C. § 2255. The court granted Mills' motion for leave to file amendments to his petition. On February 11, 2013, the court issued an order denying the amended § 2255 petition. The court first held that Mills' collateral attacks on his August 7, 1998 sentence and September 15, 1998 resentence were untimely, see 28 U.S.C. § 2255(f)(1) (providing one-year statute of limitations for filing § 2255 petitions), and, alternatively, were without merit. Second, the court interpreted Mills' collateral attack on his November 25, 2008 resentence as containing time-barred challenges to his 1998 sentence and resentence. Finally, the court

found that even if it had jurisdiction in 2008 to modify the length of Mills' sentence, it did not err in declining to do so.

## II.  STANDARD

Federal Rule of Civil Procedure 59(e) provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).  The Fourth Circuit recognizes "only three limited grounds for a district court's grant of a motion under Rule 59(e):  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, No. 11-187, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)).  "A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted." Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, No. 06-956, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007).

## III.  DISCUSSION

First, Mills reasserts the majority of the arguments raised in his amended § 2255 petition.  As the court previously held, these arguments are time-barred. See Order, Feb. 11, 2013, ECF No. 166 at 5 ("In 1998, Mills chose not to appeal his sentence or resentence, and later filed a § 2255 petition that was found to be untimely.  Mills cannot now collaterally attack his 1998 sentence and resentence over fourteen years later.").

Mills contends, as he did in his amended § 2255 petition, that the "errors" committed at the 1998 sentencing and resentencing were "committed anew" at the November 25, 2008 resentencing, thus rendering all claims in his amended § 2255 petition timely. No errors could have been "committed anew" because the court was "without jurisdiction [in 2008] to resentence Mills except to the extent that it . . . directed that restitution be modified." Mills, 425 F. App'x at 276-77.

Mills has not set forth any intervening change in law or new evidence, or shown that the court's prior decision was clearly erroneous.[1]

Second, Mills argues that the court should have granted an evidentiary hearing. Because the record conclusively showed that Mills was not entitled to relief, an evidentiary hearing was not necessary. United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988); see Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts (Feb. 1, 2010). The court's rulings were based not on credibility

---

[1] In his motion for reconsideration, Mills complains that the court failed to address his argument that the court erred at the September 15, 1998 resentencing by failing to comply fully with Federal Rule of Criminal Procedure 11. Mot. for Recons. 6. This argument was among those that the court lacked jurisdiction to consider. See United States v. Magallanes, 10 F. App'x 778, 781-83 (10th Cir. 2001) (holding that § 2255 claims for violation of Rule 11 are procedurally barred if they could have been raised on direct appeal but were not); Casseday v. United States, 723 F. Supp. 2d 137, 152 (D.D.C. 2010) (same).

Furthermore, Mills has not shown cause and prejudice for failing to raise this argument on appeal. Mills does not allege he requested an appeal in 1998. See § 2255 Pet., ECF No. 145 at 2 (admission by Mills that he "failed to object in the district court and did not argue the claims contained in the petition on direct appeal"). In addition, the court previously held that "Mills' counsel on appeal [in 2008] was not ineffective for failing to raise sentencing issues regarding the plea agreement." Order, Feb. 11, 2013, ECF No. 166 at 8.

Finally, even if the court could consider this argument, Mills fails to show that a fundamental violation of Rule 11 resulted in a complete miscarriage of justice. See United States v. Timmreck, 441 U.S. 780, 784-85 (1979) (failure to comply with formal requirements of Rule 11 does not constitute constitutional or jurisdictional error cognizable under § 2255). Mills was informed in 2008 that after pleading guilty, the court would sentence him after considering the PSR. Hr'g Tr., Apr. 23, 1998, ECF No. 132, at 7:12-14, 15:1-6.

determinations, as Mills asserts, but on legal conclusions. Specifically, the court ruled that it lacked jurisdiction to consider the majority of Mills' arguments. The court also considered whether it erred at the November 25, 2008 resentencing hearing by not sentencing Mills to 437 months imprisonment. The court held as a matter of law that it lacked jurisdiction to do so and, even if it had jurisdiction, no legal error was committed given the nature and severity of Mills' crimes.

Third, Mills complains that the court should have issued a certificate of appealability. Under the applicable standard, Mills failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Despite this court's denial of a certificate of appealability, Mills could have sought a certificate from the Fourth Circuit.

At bottom, "[a]ll Mills asks is to be given the 437 month sentence he and the Government agreed." Mot. for Recons. 13. Mills fails to recognize that, as his counsel explained in 1998, the sentencing range calculated in the plea agreement was "obviously trumped by the pre-sentence report and the calculations of the different sentencing range" under the United States Sentencing Guidelines. Hr'g Tr., Aug. 7, 1998, ECF No. 76, at 21:2-4. Mills had a criminal history category of six and effectively went on a crime spree, committing serious offenses that traumatized his victims. See Hr'g Tr. Nov. 25, 2008, ECF No. 131, at 21:22-22:17. His sentence remains appropriate.

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** petitioner's motion for reconsideration.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 13, 2013**
**Charleston, South Carolina**