IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| STEPHEN JAMES MILLS, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:97-cr-00815-DCN-1 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court upon petitioner Stephen James Mills's ("Mills") motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF No. 180. Mills filed his motion on June 19, 2014. ECF No. 180. The government filed a motion to dismiss on September 22, 2014. ECF No. 184.

Mills previously filed two § 2255 motions.[1] The first motion was filed on November 30, 2009, ECF No. 96, and his second motion was filed on September 19, 2011, ECF No. 145. The court did not rule on Mills's 2009 motion and denied Mills's 2011 motion on February 11, 2013. ECF No. 166. In the absence of pre-filing authorization from a court of appeals, the district court lacks jurisdiction to consider a successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). A motion is successive if it was preceded by a § 2255 motion that was dismissed on the merits. Slack v. McDaniel, 529 U.S. 473, 489 (2000). While the court did not rule on Mills's 2009 motion, the court denied Mills's 2011 motion on the merits. Therefore,

---

[1] It appears that Mills sought leave to file a § 2255 petition via a motion to equitably toll the statute of limitations in 2001; however, he never actually filed the petition, and the court denied Mills's statute of limitations motion. See ECF No. 62 at 2.

1

the motion currently before the court is successive. Mills did not receive authorization from the Fourth Circuit prior to filing his motion; therefore, the court does not have jurisdiction to consider it. As such, the court must deny Mills's motion.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Mills does not meet this standard because there is nothing debatable about the court's resolution of his 2255 petition.

Based on the foregoing, the court **GRANTS** the government's motion to dismiss and **DENIES** Mills's motion. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

---

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 2, 2019**
**Charleston, South Carolina**