IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| STEPHEN JAMES MILLS, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:97-cr-815-DCN-1 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

  This matter is before the court on petitioner Stephen James Mills's ("Mills") motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF No. 186, and the government's motion to dismiss, ECF No. 196. For the reasons below, the court denies Mills's motion and grants the government's motion.

## I. BACKGROUND

  On April 23, 1998, Mills pleaded guilty to four counts of obstruction of interstate commerce by armed robbery in violation of 18 U.S.C. §§ 1951(a) and 2 and two counts of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2. In a separate case, 98-cr-786, and on August 7, 1998, Mills pleaded guilty to one count of conspiracy to obstruct interstate commerce by armed robbery in violation of 18 U.S.C. § 1951(a).[1] He was sentenced in both cases at the same time. Based on Mills's criminal history, he was found to be a career offender under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.1. Mills was sentenced

---

[1] Milles appears to seek relief in both of his cases; however, Mills did not file a § 2255 motion in 98-cr-786. Therefore, the court can grant no relief in that case. However, the court mentions the case for context in his sentencing.

1

to a total term of 468 months' imprisonment in 97-cr-815 and 168 months' imprisonment in 98-cr-786, with the sentences to run concurrently. At the time of Mills's sentencing, the Guidelines were mandatory.

Milles filed his § 2255 motion on June 24, 2016. ECF No. 186. The case was stayed on September 7, 2017, and the stay was lifted on December 2, 2019. The government filed a motion to dismiss on January 23, 2020, ECF No. 196, and Mills responded on July 28, 2020, ECF No. 199. Therefore, the motions are ripe for review.

## II.  STANDARD

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[2] See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

## III.  DISCUSSION

Mills argues that after the Supreme Court's decision in United States v. Johnson, 130 S. Ct. 1265 (2010), he is no longer a career offender under the Guidelines, and that Welch v. United States, 136 S. Ct. 1257 (2016), and In re Hubbard, 825 F.3d 225 (4th

---

[2] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

2

Cir. 2016), permits the court to correct Mills's sentence on collateral review. In response, the government argues: (1) Mills's motion is a successive and unauthorized motion because he failed to receive authorization from the Fourth Circuit before filing his motion; (2) Mills's motion is untimely; and (3) neither <u>Johnson</u> nor <u>Welch</u> created a new and retroactive constitutional rule for cases on collateral review that is applicable to Mills's case. Beginning with the government's first argument, the Fourth Circuit clearly authorized Mills's motion. ECF No. 186-1. Given the fact that the Fourth Circuit's notice of authorization was filed with Mills's motion, it's rather baffling that the government made this argument, and the court easily rejects it.

The government's final two arguments both relate to the period of limitations imposed by § 2255. The statute provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As to § 2255(f)(1), the government explains that Mills's amended judgment was filed on April 21, 1999 and that Mills did not appeal his sentence, meaning that it has been far more than one year since the date on which Mills's judgment became

final. The only other applicable subsection here is § 2255(f)(3), which permits the filing of a § 2255 motion within a year of the Supreme Court's new recognition of a right that has been made retroactively applicable to cases on collateral review.

The government argues that the Supreme Court has not newly recognized a right related to career offender designations under the mandatory Guidelines. The Fourth Circuit held as much in <u>United States v. Brown</u>, 868 F.3d 297 (4th Cir. 2017). The Fourth Circuit explained that the Supreme Court recognized that the residual clause in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague in <u>Johnson</u>, but that <u>Johnson</u>'s holding only applies narrowly to challenges to the ACCA and could not be extrapolated to the Guidelines. <u>Brown</u>, 868 F.3d at 303. Moreover, the Fourth Circuit explained that <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017), recognized that the advisory Guidelines were "not amendable to vagueness challenges" but remained silent on whether the same was true for the mandatory Guidelines, meaning there has been no recognition of a vagueness as applied to the mandatory Guidelines. <u>Brown</u>, 868 F.3d at 303. Finally, the Fourth Circuit clarified that its holding was not contrary to <u>In re Hubbard</u>, which stated that "the rule in <u>Johnson</u> is substantive with respect to its application to the Sentencing Guidelines and therefore applies retroactively," 825 F.3d at 235, because the procedural posture of that case simply required the petitioner to make a prima facie showing that his successive application relied upon a new, retroactive rule of constitutional law, <u>Brown</u>, 868 F.3d at 303. The Fourth Circuit did not have to reach the

timeliness issue that it subsequently addressed in Brown because the court's role in In re Hubbard was constrained to its gate-keeping function for successive petitions.

All of the arguments presented by Mills are the same arguments that the Fourth Circuit considered and rejected in Brown. Mills seeks to challenge his career offender designation under the mandatory Guidelines, and Brown squarely forecloses Mills's ability to do so on collateral review. As such, the court denies Mills's motion and grants the government's motion.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Mills does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition

## IV.  CONCLUSION

For the foregoing reasons the court **DENIES** Mills's motion and **GRANTS** the government's motion.  A certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

                                        **DAVID C. NORTON**
                                        **UNITED STATES DISTRICT JUDGE**

**July 30, 2020**
**Charleston, South Carolina**